IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

TONY RAY PENDERGRAFT,      )
            )
      **Plaintiff,**      )
            )
v.            )      **Case No. 22-cv-97-DES**
            )
MARTIN O'MALLEY,[1]      )
**Commissioner of Social Security,**      )
            )
      **Defendant.**      )

## OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Tony Ray Pendergraft ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

## I.     Statutory Framework and Standard of Review

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

---

[1] Effective December 20, 2023, Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P., app. 1; (4) whether the claimant can perform his past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from

the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

## II.      Claimant's Background and Procedural History

In October 2019, Claimant applied for disability insurance benefits under Title II of the Act. (R. 11, 488-491).  Claimant alleges he has been unable to work since an amended onset date of November 30, 2019, due to back pain, hip pain, knee pain, and foot pain.  (R. 11, 523, 536). Claimant was 56 years old on the date of the ALJ's decision.  (R. 25, 488).  He has a high school education and past relevant work as a greenskeeper II, carpenter, and electrician.  (R. 23, 537).

Claimant's claim for benefits was denied initially and on reconsideration, and he requested a hearing.  (R. 375-404, 426-27).  ALJ J. Leland Bentley conducted an administrative hearing and issued a decision on April 19, 2021, finding Claimant not disabled.  (R. 11-25, 344-72).  The Appeals Council denied review on May 26, 2021 (R. 1-6), rendering the Commissioner's decision final.  20 C.F.R.  § 404.981.  Claimant filed this appeal on April 4, 2022.  (Docket No. 2).

## III.     The ALJ's Decision

The ALJ found at step one that Claimant had not engaged in substantial gainful activity since his alleged onset date of February 26, 1998.[2] (R. 13).  At step two, the ALJ found Claimant's hypertension, intestinal inflammation (gastritis/duodenitis/esophagitis); history of left hip replacement; hip osteoarthritis; right hip labral tear/osteoarthritis; and degenerative disc disease of the lumbar spine were severe impairments. (R. 13).  The ALJ further found Claimant's unspecified depressive disorder, irritable features; restless leg syndrome; hyperlipidemia; tinnitus; alcohol use disorder; small intestine inflammation; left shoulder impingement/possible rotator cuff injury;

---

[2] In his initial application, Claimant alleged he became unable to work because of his disabling condition on August 1, 2019.  (R. 488).  On September 23, 2020, Claimant amended his alleged onset date to February 26, 1998.  (R. 486-87).  On April 1, 2021, Claimant further amended his alleged onset date to November 30, 2019.  (R. 523).

plantar fasciitis; left epicondylitis; cannabis use; and b cell lymphocytic leukemia, asymptomatic were non-severe impairments. (R. 13-14). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 15-16).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) with occasional climbing of stairs and ramps; never climbing ladders and scaffolding; and occasional stooping, kneeling, crouching and crawling. (R. 17).

Based on the testimony of a vocational expert ("VE"), the ALJ concluded at step four that Claimant could return to his past relevant work as a greenskeeper II both as generally performed in the national economy and as Claimant actually performed it. (R. 24). At step five, the ALJ made the alternative finding that Claimant could also perform other work existing in significant numbers in the national economy, including laundry worker, dining room attendant, and hand packager. (R. 24-25). Accordingly, the ALJ concluded Claimant was not disabled. (R. 25).

## IV.    Issues Presented

Claimant asserts the ALJ erred by failing to: (i) account for all of Claimant's impairments and limitations in the RFC (Docket No. 18 at 8-11); (ii) properly evaluate the state agency physicians' opinions (*id.* at 6-8); (iii) sufficiently determine the mental demands of Claimant's past relevant work (*id.* at 11-12); (iv) present a hypothetical question to the VE that included all his limitations (*id.* at 12-13); and (v) find him disabled under the Medical-Vocational Guidelines (the "Grids") (*id.* at 14-15). The Court agrees the ALJ failed to properly account for some of Claimant's non-severe impairments in the RFC assessment.

## V.      Analysis

A claimant's RFC is his "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite his impairments.  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at \*2 (July 2, 1996).  In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*"  *Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of [a claimant's] medically determinable impairments of which we are aware, including . . . impairments that are 'not severe' . . . when we assess [a claimant's] residual functional capacity.").  Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's wok-related limitations.  SSR 96-8p at \*7.  The ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*

As part of the RFC discussion, the ALJ summarized Dr. Kathleen Ward's consultative mental status examination findings and found the state agency psychologists' opinion that Claimant's mental impairments were non-severe was persuasive.  (R. 19-20, 23).  The ALJ then concluded that the evidence of record did not support more than a "mild limitation" due to Claimant's depressive disorder.  (R. 23).  Despite this conclusion, the ALJ's RFC discussion focused exclusively on the impact of Claimant's severe physical impairments on his ability to work.  Thus, the Court agrees the ALJ inadequately considered Claimant's non-severe depressive disorder in the RFC assessment.  A clear and specific analysis of what, if any, impact Claimant's non-severe mental impairments had on the RFC was particularly important in this case, because no medical source opined as to Claimant's mental RFC.

Moreover, the omission of a discussion regarding Claimant's non-severe depressive disorder demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p. For instance, despite finding a mild limitation as the result of Claimant's depressive disorder, the ALJ did not explain, what, if any <u>work-related</u> limitations resulted from Claimant's non-severe depressive disorder. Additionally, the ALJ omitted skill level, task, instruction, and social limitations from the RFC without explanation. A condition that causes no more than mild limitations on Claimant's work-related abilities is not the same as one that would not interfere at all. *See Trank v. Berryhill,* No. 16-2336-JWL, 2017 WL 3535328, at *3 (D. Kan. Aug. 17, 2017) ("[M]ild limitations are not the same as no limitations resulting from mental impairments . . . ."). Absent a discussion of how Claimant's non-severe impairments were accounted for in the RFC assessment, or an explanation why such impairments did not impose any functional limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells,* 727 F.3d at 1071.

In sum, the ALJ erred by relying on his non-severity finding at step two "as a substitute for a proper RFC analysis" with respect to Claimant's non-severe mental impairments. *Id.* at 1065. Accordingly, the matter will be remanded for further proceedings consistent with this Order. *See id.* at 1071 (remanding for further proceedings "concerning the effect of [claimant's] medically determinable mental impairments on her RFC, and for further analysis at steps four and five, including any further hearing the ALJ deems necessary").

## VI.    Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 25th day of March, 2024.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE